IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-20-127-RAW |
| ) | |
| CLINT ENGLAND COOPER, ) | |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the court is the motion of defendant Cooper for severance. He and 18 co-defendants are charged in a 23-count indictment. Movant, however, is only charged in Count One, which is a conspiracy charge. He argues that he will be prejudiced by a joint trial because the overwhelming majority of the evidence relates to alleged activities of the co-defendants in which he had no participation.

Rule 8(b) F.R.Cr.P. (which permits an indictment to charge two or more defendants) expresses the preference in the federal system for joint trials of defendants who are indicted together. *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Rule 14(a) F.R.Cv.P. provides that a court may sever the trial of more than one defendant if joinder appears to prejudice a defendant or the government. Severance is required only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. *Id.* at 539. Defendant bears the burden of showing real prejudice to his case. *See United States v. Hall,* 473 F.3d 1295, 1302

(10th Cir.2007).  There is a presumption that conspiracy co-defendants be tried together. *United States v. Clark,* 650 Fed.Appx. 569, 572 (10th Cir.2016).  Severance is not warranted by a mere allegation that defendant would have a better chance of acquittal in a separate trial or a complaint of the "spillover" effect from the evidence that is more damaging against a co-defendant than that against the moving party.  *United States v. Yurek,* 925 F.3d 423, 436 (10th Cir.2019).

The court finds defendant has failed to meet his burden.  The jury will be instructed to consider the guilt or innocence of each defendant separately.  Defendant also argues that a severance is required under *Bruton v. United States,* 391 U.S. 123 (1968).  This request is at least premature.  *Bruton* applies where a co-defendant's statement inculpating the defendant is admitted into evidence.  No such statement is presently before the court.  Also, *Bruton* applies only when a non-testifying defendant's out-of-court statement is testimonial. *United States v. Morgan,* 748 F.3d 1024, 1038 (10th Cir.2014).  The Tenth Circuit has articulated two definitions of a "testimonial" statement, and both require the statement to be "formal."  *See United States v. Clark,* 717 F.3d 790, 816 (10th Cir.2013).  Statements in furtherance of a conspiracy are not testimonial.  *Yurek,* 925 F.3d at 437.  Again, the court presently has no indication that the government intends to introduce such a statement.

It is the order of the court that the motion of the defendant Cooper for severance (#261) is hereby DENIED.

**ORDERED THIS 29th DAY OF APRIL, 2021.**

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**